UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

UNITED STATES OF AMERICA　　*　　CRIM. NO. 07-60041

VERSUS　　　　　　　　　　　*　　JUDGE DOHERTY

RODNEY WAYNE MANTIA　　　*　　MAGISTRATE JUDGE HILL

<u>REPORT AND RECOMMENDATION</u>

The defendant, **RODNEY WAYNE MANTIA** ("Mantia"), has filed a motion to dismiss the indictment on multiple grounds. [rec. doc. 21].  The government has opposed the motion. [rec. doc. 22].  For those reasons set out below, the undersigned recommends that the motion to dismiss be **granted.**

LAW AND ANALYSIS

The defendant, **RODNEY WAYNE MANTIA**, was indicted, in one count, for violation of 18 U.S.C. § 2250, failure to register as required by the Sex Offender Registration and Notification Act (SORNA). [rec. doc. 8].  The defendant has filed a motion to dismiss the indictment on four grounds: (1) that he is not required to register under SORNA; (2) that SORNA is an unconstitutional violation of the non-delegation doctrine; (3) that SORNA and § 2250 violate the *ex-poste facto* clause of the United States Constitution; and (4) that SORNA and § 2250, as applied to him, violates his due process right to fair notice. [rec. doc. 21].

-1-

The government counters by arguing that the defendant is clearly required to register under SORNA, that SORNA and § 2250 violate neither the *ex-post facto* clause of the Constitution, nor the non-delegation doctrine and, finally, that the defendant had sufficient notice of the registration requirements of SORNA to give him fair notice, which therefore affords him due process.  [rec. doc. 22].

## 1. FACTS

The indictment charges that the defendant was convicted of Indecency with a Child, Sexual Contact, in Harris County, Texas.  Thereafter, in the words of the indictment, "reasonably near" October 1, 2006 and "continuing until on or about the 17th of April, 2007," the defendant failed to register in Louisiana as a sex offender as required by the Sex Offender Registration and Notification Act, in violation of Title 18 U.S.C. § 2250.

Apparently, the defendant was convicted of the underlying sex offense in Harris County, Texas in 1995.  [rec. doc. 21-2, p. 11]. The government, in its opposition to defendant's motion to dismiss, alleges that the defendant moved from Arizona to Louisiana "in or reasonably near" October 2006. [rec. doc. 22, p. 2].  In the defendant's memorandum in support of the motion to dismiss, he asserts that the travel from Arizona to Louisiana "occurred on or before October 1, 2007 [sic.]".[1]  Accordingly, the parties

_____

[1] The date given is clearly a typographical error and should read "2006".

-2-

obviously agree that the travel to Louisiana occurred in (or shortly before) October 2006.
The defendant apparently resided in the Western District of Louisiana until April 2007.
The defendant never registered as a sex offender as required by Louisiana law and
SORNA.

**2.  SORNA**

In 1994, the Congress passed, as part of the Violent Crime Control and Law
Enforcement Act, the Jacob Wetterling Crimes Against Children and Sexually Violent
Offender Registration Act, which required, in part, sex offenders to register with state law
enforcement officials for a minimum period of 10 years after their release from prison.
42 U.S.C. § 14071(b)(6).  The failure to register was made a misdemeanor offense,
punishable by imprisonment for up to one year.  For a second offense, an offender faced a
maximum of 10 years imprisonment.  42 U.S.C. § 14072 (i).

On July 27, 2006 the Adam Walsh Child Protection and Safety Act of 2006 and
SORNA became effective.  The registration requirements of SORNA are set forth in 42
U.S.C.  § 16913.  Section 16913(a) requires a sex offender to register in each jurisdiction
where the offender resides.  Section 16913(b) requires that the offender "shall" initially
register before completing his sentence, or within three days following the imposition of
sentence, if the offender is sentenced to probation. If a sex offender who is required to
register under the Act travels in interstate commerce and fails to register, he faces
imprisonment for up to 10 years.  18 U.S.C. § 2250 (a).

For offenders who were situated as is this defendant, that is, offenders who were convicted *prior* to the effective date of SORNA, and were therefore unable to comply with the initial registration requirements of the Act, Congress provided that the Attorney General had the authority to specify the applicability of the registration requirements as to them.  42 U.S.C. § 16913(d).  Congress further provided that the Attorney General "shall" prescribe rules for the notification of sex offenders who cannot be registered in accordance with the provisions of SORNA. Apparently, no such rules have been adopted to date.

On February 28, 2007, the Attorney General published an Interim Rule, codified at 28 C.F.R. § 72.3, which provides that the registration requirements of SORNA apply to all sex offenders, who had been convicted of an offense which would require registration, even if the conviction for the sex offense was prior to the enactment of SORNA.

Thus, the following chronology appears clear.  The defendant was convicted of a sex offense in Harris County, Texas prior to the effective date of SORNA.  Thereafter, the defendant moved to Arizona.  SORNA became effective July 27, 2006.  The defendant moved to Louisiana in approximately October 2006.  The Attorney General promulgated the Rule making SORNA applicable to the defendant on February 28, 2007.  The defendant continued to reside in Louisiana until April 2007.  The defendant never registered in Louisiana as required by Louisiana law and SORNA.

-4-

**3.  Was the defendant required to register under SORNA?**

Initially, the defendant argues that he was not required to register under SORNA because at the time he traveled to Louisiana, the Act did not apply to him, because his conviction occurred prior to the effective date of SORNA and the Attorney General had not yet promulgated the Rule which made the registration requirements retroactive.

The government's argument is somewhat unclear.  The government seems to argue that the defendant was required to register even in the absence of the Rule promulgated by the Attorney General. [rec. doc. 22, pp. 2-3].  That position seems clearly wrong.  As set out above, 42 U.S.C. § 16913(a) provides that a sex offender shall register in each jurisdiction where the offender resides.  Section 16913 (b) requires that the sex offender "shall" initially register before completing his sentence, or not later than three days following sentencing, if placed on probation.  Obviously, the defendant in this case, Mantia, could not comply with the initial registration requirement (that he register before the completion of his sentence) because he completed his sentence *before* SORNA was enacted by Congress.

It was to provide for exactly this situation that Congress enacted sub-paragraph (d) of § 2250, which provides that the Attorney General has the authority to specify the applicability of the registration requirements to sex offenders convicted before the effective date of SORNA.  A simple and straightforward reading of the statute leads to the inescapable conclusion that since Mantia could not comply with the initial registration

requirement of  § 16913 (b), he was under no legal obligation to register unless and until

the Attorney General adopted a Rule making the registration requirement applicable to

him.  This the Attorney General did on February 28, 2007.

Accordingly, Mantia was not required to register under SORNA until, at least, the

Attorney General promulgated the Rule on February 28, 2007.  Mantia argues that

because he traveled to Louisiana *before* that date he had no obligation to register.  The

defendant is incorrect.

In *Smith v. Doe*, 123 S.Ct. 1140 (2003), the Supreme Court held that the

registration requirements of the Alaska Sex Offender Registration Act were nonpunitive,

and that therefore the registration requirement could be validly applied retroactively to

require sex offenders who had completed their term of imprisonment prior to the effective

date of the Act to register without violating the *ex post facto* clause of the Constitution.

*Id*. at 1154.

The rationale of the Supreme Court in *Smith v. Doe*, with regard to the Alaska Act,

applies with equal force to SORNA. The registration requirements of SORNA are

primarily regulatory and nonpunitive.  The *ex post facto* clause does not preclude

Congress from making reasonable categorical judgments that the conviction of specified

crimes should entail particular regulatory consequences.  Based on the high recidivism

rates for sex offenders, Congress is free to legislate with respect to convicted sex

offenders as a class, rather than require an individual determination of their

dangerousness.  *Smith v. Doe*, at 1153-1154.  Accordingly, the defendant was required to register under SORNA in Louisiana after the promulgation by the Attorney General of the Rule making SORNA applicable to him; the requirement to register did not violate the *ex post facto* clause of the Constitution.

**4.  Does the indictment violate the *ex post facto* clause as applied to this defendant?**

The defendant argues that SORNA and the criminal provisions for the failure to register pursuant thereto, found at 18 U.S.C. § 2250, create penalties not known or contemplated at the time that the defendant committed the offense (the travel to Louisiana and failing to register as charged in the indictment), and that therefore these provisions violate the *ex post facto* clause of the Constitution. [rec. doc. 21-2, p. 10].  The defendant, relying on the United States Supreme Court cases of *Collins v. Youngblood,* 110 S.Ct. 2715 (1990) and *Carmell v. Texas*, 120 S.Ct. 1620 (2000), argues that this indictment punishes as a crime an act previously committed which was, at the time of its commission, innocently done.  Specifically, counsel for the defendant argues that when Mantia traveled from Arizona to Louisiana, he was not required to register by SORNA, and that his failure to register cannot be criminally penalized after the travel had occurred.

The government relies on the holding of the Supreme Court in *Smith v. Doe, supra*, and argues that the opinion in *Smith* is dispositive of the issue presented here.  The government further argues that the *ex post facto* clause does not apply because it is "the defendant's failure to register under SORNA [which is] a crime." [rec. doc. 22, p. 5].

Thus, the government argues that it is not necessary that the travel in interstate commerce occur after the effective date of SORNA in order for a § 2250 violation to occur, since it is the registration, and *not* the travel, which constitutes the offense.  Finally, the government argues that § 2250(a) is a continuing offense, in that, "it is begun in one district and completed in another." [rec. doc. 22, p. 6].

There are no appellate court decisions deciding this issue.  The issue has been presented to many district courts.  Attached hereto, as Appendix A, is a list of those cases decided to date by the various district courts.  A majority of these courts have held that the prosecution of a defendant for violation of § 2250 is constitutionally permissible.  A significant number, however, hold that the prosecution is constitutionally barred, or have held that the defendant cannot be convicted under facts not materially different from those in this case.  As is to be expected, both the defendant and the government rely on those district court decisions which support their respective positions.[2]

The undersigned has read, and has carefully considered, every opinion that has decided the issue of whether or not the *ex post facto* clause of the United States Constitution applies to defendants situated as is Mantia here.  The undersigned concludes that the better and more persuasive reasoning is found in those cases which hold that the prosecution of a defendant, like Mantia here, violates the *ex post facto* clause of the

---

[2] Only one district court in the Fifth Circuit has decided the issue presented here.  In *United States v. Pitts*, 2007 WL 3353423 (M.D. La., November 7, 2007), Judge Parker held that the *ex post facto* clause was not violated, based on *Smith v. Doe, supra.*

United States Constitution and is therefore barred.

The government essentially relies on the reasoning found in *United States v. Mason*, 510 F. Supp.2d 923 (M.D. Fla., May 22, 2007), *United States v. Roberts*, 2007 WL 2155750 (W.D. Va., July 27, 2007), and the Supreme Court decision in *Smith v. Doe, supra*.

It is clear that *Smith v. Doe* does not address the specific issue presented by this case. *Smith v. Doe* dealt *solely* with the constitutionality of the registration requirements of the Alaska Sex Offender Registration Act, and whether or not the registration requirements could be retroactively applied. While the Court noted that the Alaska Act had criminal penalties for the failure to register, the constitutionality of those criminal penalties was not before the Court; in *Smith v. Doe*, no one was being criminally prosecuted. In that regard, the Court specifically said that:

> "A sex offender who fails to comply with the reporting requirement may be subjected to a criminal prosecution for that failure, but any prosecution is a proceeding separate from the individual's original offense. Whether other constitutional objections can be raised to a mandatory reporting requirement, and how those questions might be resolved, are concerns beyond the scope of this opinion."

*Id*. at 1152.

Clearly, the Court did not decide the issue presented here, and specifically noted that the issue presented in this case was beyond the scope of the *Smith v. Doe* opinion. This has been recognized by several courts. *See United States v. Stinson*, 507 F.Supp.2d, 560, 565 (S.D.W.Va. 2007) and *United States v. Muzio*, 2007 WL 2159462,*6-7 (E.D.

Mo., July 26, 2007).

Those decisions which rely on *Smith v. Doe* to resolve the *ex post facto* issue do not adequately recognize, nor address, this clear statement in the *Smith v. Doe* opinion. Specifically, the cases on which the government primarily relies here, *Mason*, *Roberts* and *United States v. Hinen*[3] simply ignore this language from *Smith v. Doe*.  The undersigned does not feel free to ignore the clear language of the Supreme Court.

The factual situation in this case is precisely the same as that in *United States v. Muzio*, *supra*.  In *Muzio*, the defendant was convicted of a sex offense before the enactment of SORNA, traveled in interstate commerce after the enactment but before the Attorney General issued the Interim Rule, and was then indicted.  *Id*. at * 2.  In *Muzio*, Judge Perry concluded, as do I, that the "gap" situation found here is "a classic *Ex Post Facto* Clause violation." *Id*. at *5.  I come to this conclusion, as did Judge Perry, because the criminal act proscribed in  § 2250 is "traveling and failing to register."  Section 2250 cannot be constitutionally applied here because neither the travel nor the failure to register were crimes covered by § 2250 when Mantia traveled to Louisiana and failed to register. *See also United States v. Stinson*, 507 F.Supp.2d at 568-69.[4]

The government seeks to avoid this conclusion by arguing that § 2250 proscribes a "continuing offense" and, since Mantia was present in this district after the regulation

--------

[3] 487 F.Supp.2d 747 (W.D. Va., May 12, 2007).

[4] *Contra*, *United States v. Mitchell*, 2007 WL 2609784 (W.D. Ark., Sept. 6, 2007).

became effective, that he then had an obligation to register.  The government argues that

Mantia's failure to register subjects him to criminal prosecution.

      The government's reading § 2250 is belied by the plain wording of the statute.

Section 2250 provides, in pertinent part, that a sex offender who "travels in interstate or

foreign commerce" and "knowingly fails to register or update a registration" violates

§ 2250.  Clearly, Congress, in enacting  § 2250, used the present tense "travels" rather

than the past-tense "traveled" or past-participle "has traveled".  The Government's

argument that this offense is "continuing" is belied by this simple reading of the statute.

Congress could have used the past-tense "traveled" or the past-participle "has traveled',

but it did not. I am compelled to interpret the language used by Congress, and give those

words their ordinary meanings. This has been recognized by several courts.  *See United

States v.  Sallee*, 2007 WL 3283739 (W.D. Okla., Aug. 13, 2007) and *Smith*, 481

F.Supp.2d at 850-51.

      Mantia traveled from Arizona to Louisiana and failed to register as a sex offender,

as required by SORNA, before the registration requirement applied to him.  To subject

Mantia to a criminal prosecution now, after his travel and failure to register in October

2006, punishes acts which were, at the time committed, not violative of the criminal law.

As such, this is a clear violation of the *ex post facto* clause.  *Collins, supra* and *Carmell,*

*supra.*

For these reasons, the undersigned concludes that, as to this defendant, § 2250 violates the *ex post facto* clause of the United States Constitution, and therefore recommends that this indictment be dismissed.[5] [6]

## 5. Does SORNA violate the non-delegation and separation of powers doctrines?

The defendant also argues that Congress delegated to the Attorney General the right to determine who should be subject to SORNA and who should not.  This was done, according to the defendant, without clear guidance from Congress as to the intent of Congress which therefore violates the non-delegation doctrine. [rec. doc. 21-2, p. 7].

For the reasons set out above, the registration requirements of SORNA can be constitutionally applied to this defendant. *Smith v. Doe, supra.* As a registration scheme, the delegation of authority to the Attorney General to determine the retroactive applicability of the registration regulations does not violate the non-delegation doctrine.

As is correctly argued by the government, Congress often delegates to the executive the power to implement congressional regulatory schemes.  Congress, in

---

[5] This is not to say, of course, that the defendant cannot be criminally prosecuted.  The indictment returned against the defendant seems to validly charge a violation of 42 U.S.C. § 14072(g)(3), the Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act, in that Mantia moved from Arizona to Louisiana in 2006 and failed to register as a sex offender.  Section 14072(g)(3) is a misdemeanor, and subjects the defendant to a maximum potential penalty of up to one year imprisonment.  The Jacob Wetterling Act is not due for repeal until July 27, 2009, three years after the effective date of SORNA.  Pub. L. Numbers 109-248, Title I § 129, 120 Stat. 600 (2006).

[6] The fact that the defendant could be prosecuted for his apparent violation of § 14072(g)(3) does not lessen the *ex post facto* violation, because § 2250 increases the penalty for traveling and failing to register from a misdemeanor, with a maximum penalty of one year imprisonment, to a felony, with a maximum penalty of 10 years imprisonment.  This increase in penalty, of course, implicates the *ex post facto* clause.  *See Collins v. Youngblood, supra*, at 2716.

passing SORNA, made clear its regulatory intent.  The adoption by the Attorney General of rules implementing that congressional intent is a valid delegation by Congress to the executive.

Therefore, there is no violation of the non-delegation or separation of powers doctrines here.[7]

**6. Does SORNA violate the due process notice requirement?**

Finally, the defendant argues that Mantia did not receive "fair notice" of SORNA, and therefore his prosecution violates the due process clause.  Clearly, Mantia had actual notice of his obligation to register as a sex offender in Texas.  Additionally, Mantia had sufficient legal notice of his obligation to register under the Jacob Wetterling Act since the passage of that Act predated his sex offense conviction.  Accordingly, Mantia is charged with knowledge of his obligation to register under the Wetterling Act, both upon his move from Texas to Arizona and his move from Arizona to Louisiana.  The defendant cites no authority for the proposition that the increase in penalty made by § 2250 required more or additional "notice" than the defendant is charged with having under the Wetterling Act; the undersigned is aware of no such authority.[8]

---

[7] A different conclusion might well be required if a criminal prosecution was otherwise allowable.  My recommendation that this indictment be dismissed for violation of the *ex post facto* clause obviates the need for engaging in that analysis.

[8] The undersigned comes to this conclusion even though the Attorney General has apparently failed to promulgate rules for the notification of persons like Mantia who could not initially register in accordance with SORNA. 42 U.S.C. § 16917(b).

It seems to the undersigned that if the defendant is charged with notice of his obligation to register as a sex offender under the Wetterling Act, that notice is sufficient for SORNA.  Accordingly, the undersigned finds no due process violation in this case. *Hinen*, 487 F.Supp.2d at 754 (notice under the Wetterling Act is sufficient notice under SORNA).  *But see United States v. Barnes*, 2007 WL 2119895,* 3 (S.D.N.Y., July 23, 2007) (having notice under a state law which provides for the dramatically lesser penalty of a misdemeanor is not the same as having notice of a federal law which provides for up to 10 years of incarceration).

## CONCLUSION

For the above reasons, I recommend that the indictment charging the defendant, **RODNEY WAYNE MANTIA**, with violation of 18 U.S.C. § 2250 be dismissed for violation of the *ex post facto* clause of the United States Constitution.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing. objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten**

(10) days following the date of its service, or within the time frame authorized by
Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual
findings or the legal conclusions accepted by the District Court, except upon
grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79
F.3d 1415 (5th Cir. 1996).

December 10, 2007, Lafayette, Louisiana.


C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

# Appendix A

*U.S. v. Patterson*, Slip Copy, 2007 WL 3376732 (D.Neb., November 08, 2007(No. 8:07CR159.8:07CR159)

*U.S. v. Pitts*, Slip Copy, 2007 WL 3353423 (M.D.La., November 07, 2007) (Criminal Action No. 07-157-A.CRIM.A. 07-157-A)

*U.S. v. Carr*, Slip Copy, 2007 WL 3256600 (N.D.Ind., November 02, 2007) (No. 1:07-CR-73.1:07-CR-73)

*U.S. v. Porter*, Slip Copy, 2007 WL 3232502, (E.D.N.Y., November 01, 2007(No. 03-CR-0129 (CPS).03-CR-0129 CPS)

*Levine v. Pennsylvania State Police*, Slip Copy, 2007 WL 3033951 (M.D.Pa., October 16, 2007) (No. 4:07-CV-1453.4:07-CV-1453)

*U.S. v. Gill*, --- F.Supp.2d ----, 2007 WL 3018909 (D.Utah, October 15, 2007) (No. 2:06-CR-00725 PGC.2:06-CR-00725 PGC)

*U.S. v. Ambert*, Slip Copy, 2007 WL 2949476 (N.D.Fla., October 10, 2007) (No. 4:07-CR-053-SPM.4:07-CR-053-SPM)

*U.S. v. Beasley*, Slip Copy, 2007 WL 3489999 (N.D.Ga., October 10, 2007) (Criminal File No. 1:07-CR-115-TCB.CRIM.1:07CR115TCB)

*U.S. v. Lovejoy*, --- F.Supp.2d ----, 2007 WL 2812681 (D.N.D., September 28, 2007) (No. 4:07-cr-061.4:07-CR-061)

*U.S. v. May*, Slip Copy, 2007 WL 2790388 (S.D.Iowa, September 24, 2007) (Nos. 4:07-cr-00164-JEG, 1:07-cr-00059-JEG.4:07-CR-00164-JEG1:07-CR-00059-JEG)

*U.S. v. Patterson*, Slip Copy, 2007 WL 2904099 (D.Neb., September 21, 2007) (No. 8:07CR159.8:07CR159)

*U.S. v. Kent*, Slip Copy, 2007 WL 2746773 (S.D.Ala., September 20, 2007) (Criminal Action No. 07-00226-KD.CRIM. A. 07-00226-KD)

*U.S. v. Cole*, Slip Copy, 2007 WL 2714111 (S.D.Ill., September 17, 2007) (No. 07-cr-30062-DRH.07-CR-30062-DRH)

*U.S. v. Stinson*, 507 F.Supp.2d 560, 2007 WL 2580464 (S.D.W.Va., September 07, 2007) (Criminal Action No. 3:07-00055.CRIM.A. 3:07-00055)

*U.S.v. Comstock*, 507 F.Supp.2d 522, 2007 WL 2588815 (E.D.N.C., September 07, 2007) (Nos. 5:06-HC-2195BR, 5:06-HC-2202BR, 5:06-HC-2205BR, 5:06-HC-2206BR, 5:06-HC-2212BR.5:06-HC-2195BR5:06-HC-2202BR5:06-HC-2205BR5:06-HC-2206BR5:06-HC-2212BR)

*U.S. v. Dillenbeck*, Slip Copy, 2007 WL 2684838 (D.S.C., September 07, 2007) (Criminal No. 4:07-cr-213-RBH.4:07-CR-213-RBH)

*U.S. v. Mitchell*, Slip Copy, 2007 WL 2609784 (W.D.Ark., September 06, 2007) (No. 07CR20012.07CR20012)

*U.S. v. Kelton*, Slip Copy, 2007 WL 2572204 (M.D.Fla., September 05, 2007) (No. 5:07-cr-30-Oc-10GRJ.5:07-CR-30OC10GRJ)

*U.S. v. Bennett*, Slip Copy, 2007 WL 2461696 (W.D.Ark., August 27, 2007) (No. 07CR20040.07CR20040)

*U.S. v. Torres*, Slip Copy, 2007 WL 2343884 (W.D.Ark., August 15, 2007) (No. 07-50035.07-50035)

*U.S. v. Hulen*, Slip Copy, 2007 WL 2343885 (W.D.Ark., August 15, 2007) (No. 07-30004.07-30004)

*U.S. v. Sawn*, Slip Copy, 2007 WL 2344980 (W.D.Va., August 15, 2007) (Criminal No. 6:07cr00020.CRIM 607CR00020)

*U.S. v. Sallee*, Slip Copy, 2007 WL 3283739 (W.D.Okla., August 13, 2007) (No. CR-07-152-L.CR-07-152-L)

*U.S. v. Gonzales*, Slip Copy, 2007 WL 2298004 (N.D.Fla., August 09, 2007) (No. 5:07cr27-RS.5:07CR27-RS)

*U.S. v. Marcantonio*, Slip Copy, 2007 WL 2230773 (W.D.Ark., July 31, 2007) (No. 07-60011.07-60011)

*U.S. v. Roberts*, Slip Copy, 2007 WL 2155750 (W.D.Va., July 27, 2007) (No. 6:07-CR-70031.6:07 CR 70031)

*U.S. v. Heriot*, Slip Copy, 2007 WL 2199516 (D.S.C., July 27, 2007) (Cr. No. 3:07-323.CR 307-323)

*U.S. v. Barnes*, Slip Copy, 2007 WL 2119895 (S.D.N.Y., July 23, 2007) (No. 07 Cr. 187.07 CR. 187)

*U.S. v. Smith*, Slip Copy, 2007 WL 1725329 (S.D.W.Va., June 13, 2007) (Criminal Action No. 2:07-cr-00082.CRIMA 207-CR-00082)

*U.S. v. Mason*, 510 F.Supp.2d 923, 2007 WL 1521515 (M.D.Fla., May 22, 2007) (No. 6:07-cr-52-Orl-19JGG.607CR52ORL19JGG)

*U.S. v. Kapp*, 487 F.Supp.2d 536, 2007 WL 1536709 (M.D.Pa., May 16, 2007) (Nos. 1:06-CR-389, 1:06-CR-422.1:06 CR 3891:06 CR 422)

*U.S. v. Markel*, Slip Copy, 2007 WL 1100416 (W.D.Ark., April 11, 2007) (No. 06-20004.06-20004)

*U.S. v. Madera*, 474 F.Supp.2d 1257, 2007 WL 141283, 20 Fla. L. Weekly Fed. D 733 (M.D.Fla., January 16, 2007) (No. 6:06CR202 ORL18KRS.6:06CR202 ORL18KRS)

*U.S. v. Hinen*, 487 F.Supp.2d 747, 2007 WL 1447853 (W.D.Va., May 12, 2007) (No. 2:07CR00005.2:07 CR 00005)

*U.S. v. Manning*, Slip Copy, 2007 WL 624037 (W.D.Ark., February 23, 2007) (No. 06-20055.06-20055)

*U.S. v. Templeton*, Slip Copy, 2007 WL 445481 (W.D.Okla., February 07, 2007) (No. CR-06-291-M.CR-06-291-M)

*Helwig v. Kelsey-Hayes Co.*, 907 F.Supp. 253, 1995 WL 744325 (E.D.Mich., November 30, 1995) (Civ. A. No. 94-40512.CIV.A. 94-40512)

*U.S. v. Smith*, 481 F.Supp.2d 846, 2007 WL 735001 (E.D.Mich., March 08, 2007) (No. 06-20674.06-20674)

*U.S. v. Howell*, Slip Copy, 2007 WL 3302547 (N.D.Iowa, Nov. 08, 2007) (No. CR07-2013-MWB.CR07-2013-MWB), 2007 U.S. Dist. LEXIS 83224

*U.S. v. Muzio*, Slip Copy, 2007 WL 1629836 2007, U.S. Dist. LEXIS 54330 (E.D.Mo., June 04, 2007) (No. 4:07CR179 CDP.407CR179 CDP)

*U.S. v. Deese*, Slip Copy, 2007 WL 2778362, 2007 U.S. Dist. LEXIS 70677 (W.D.Okla., Sept. 21, 2007) (No. CR-07-167-L.CR-07-167-L)